ENRIQUE GONZALEZ DARDER, as Personal Representative of ENRIQUE ZARATE, Deceased, Plff.,

*v.*

NEW YORK & PORTO RICO STEAMSHIP COMPANY, Dft.

---

San Juan, Law, No. 1389.

DAMAGES FOR DEATH.

Limitations—Local Statute of One Year Inapplicable.

1. Where it appears that the death of a workman occurred on May 21, 1917, and the suit for damages based upon such death was not commenced until May 1920, the local statute of

NOTE.—On time within which action must be brought under Federal Employers' Liability Act, see note in 47 L.R.A. (N.S.) 78, 79.

Darder v. New York & P. R. S. S. Co.

Porto Rico requiring such suit to be brought within a period of one year is not in force. 215 U. S. 87, 54 L. ed. 106.

Limitations—Statute Does Not Run Until Representative Appointed.

     2. In case of an accident resulting in death, the Statute of Limitations does not begin to run until a personal representative is appointed. 230 Fed. 545.

Suit for Death—Heirs Not Necessary Parties.

     3. In an action of this nature in Porto Rico the proper plaintiff is the personal representative of the workman who has been killed, and it is not necessary that his heirs should be parties to the action.

Opinion filed June 27, 1922.

---

*Messrs. Francis and de la Haba* for the plaintiff.

*Mr. Chas. Hartzell* for the defendant.

ODLIN, Judge, delivered the following opinion:

The defendant in this case filed on June 2, 1920, a demurrer to the complaint and alleges grounds as follows:

1. That the said complaint does not allege facts sufficient to constitute a cause of action against the defendant. The court is of the opinion that the facts set forth in the complaint, if true, do constitute a cause of action against the defendant, and therefore the first ground of demurrer is overruled.

2. The second ground of demurrer is that it appears from the complaint itself that the alleged accident which caused the death of Enrique Zarate occurred on or about the 21st day of May, 1917, and this suit was commenced in the month of May,

Darder v. New York & P. R. S. S. Co.

1920; there being therefore a period exceeding one year after the accident before the suit was brought, and the period of one year in suits of this nature is a limitation fixed by the local laws of Porto Rico. The court is obliged to overrule the demurrer on this ground for the reason that the Act of Congress enacted in the year 1906, known as the National Employers' Liability Act, being chapter 3073 of the Acts of the 59th Congress, although declared to be unconstitutional in the month of January, 1908, by the Supreme Court of the United States in the decisions [Employers' Liability Cases (Howard v. Illinois C. R. Co.)] reported in 207 U. S. page 463, 52 L. ed. 297, 28 Sup. Ct. Rep. 141, and following, is admitted by counsel for the New York & Porto Rico Steamship Company to have been held valid in so far as the District of Columbia and the territories are concerned by a later decision of the same United States Supreme Court in the case of El Paso & N. E. R. Co. v. Gutierrez, which was decided November 15, 1909, reported in 215 U. S. page 87, 54 L. ed. 106, 30 Sup. Ct. Rep. 21. At that time New Mexico was a territory. The accident causing the death of the plaintiffs intestate in that case occurred in New Mexico in the month of June, 1906. It is therefore clear that the said Act of Congress is in force in Porto Rico. But counsel for the defendant seeks to avoid the effect of this decision by alleging in his brief that the accident in the present case occurred while the steamer was engaged in interstate commerce and was not within the territory of Porto Rico, but was in the Bay of San Juan. A similar situation arose in the case of Rivera against the same steamship company, reported in 10 Porto Rico Fed. Rep. p. 265, in which case the Honorable Peter J. Hamilton, former judge of this court, overruled a de-

murrer to the complaint, which demurrer had been filed by the Steamship company, and the Steamship company never reviewed this ruling. In the Rivera case the accident occurred on a steamship while in the navigable water of San Juan harbor. The said Act of Congress, being chapter 3073, imposes a limitation of one year within which suit must be commenced computed from the time that the cause of action accrued. It also provides that in case of death the defendant shall be liable to the personal representative of the deceased person. The circuit court of appeals for the first circuit has decided in the case of American R. Co. v. Coronos, reported in L.R.A.1916E, 1095, 144 C. C. A. 599, 230 Fed. p. 545, 12 N. C. C. A. 49, in construing a similar act of Congress passed in 1908, that the Statute of Limitations does not begin until the personal representative is appointed, because there is no person capable of bringing the suit until then. In the present case the complaint alleges that the personal representative of the deceased was appointed on May 27, 1919, and this present suit was begun before the 27th day of May, 1920. For the reasons above set forth, this court is obliged to overrule the second ground of demurrer.

3. The third ground of demurrer is that the suit is not brought in the name of or by the real party in interest, Enrique Zarate. It is sufficient to say that the complaint shows that Enrique Zarate died on May 21, 1917; therefore this ground of demurrer has no force.

4. The fourth and last ground of demurrer is based upon the claim that the complaint does not sufficiently disclose who are the legal heirs left by the said Enrique Zarate, who survived him at the time of his death; and also upon the claim

that the complaint fails to show or disclose any legal authority vested in the plaintiff in the present action to commence or to prosecute this case. It is enough to say that the Statute of 1906 above referred to does not contain any requirement that the names of the legal heirs be set forth in the complaint; it simply provides that the suit shall be brought by the personal representative for the benefit of the widow and children, if any; if none, then for the parents; if none, then for his next of kin dependent upon him. And with regard to the claim that the complaint fails to show or disclose any legal authority vested in the plaintiff to commence or prosecute this action, it is sufficient to say that the complaint alleges that Enrique Gonzalez Darder above named was appointed the personal representative of the man who died by the district court of San Juan, first section, on May 27, 1919·; and with respect to the legal authority of this plaintiff to commence this suit, the same is clearly bestowed upon him by the said act of Congress. Therefore the fourth and last ground of demurrer must be overruled.

The defendant is ordered to file its answer to the complaint on or before the 29th day of July, 1922, serving a copy thereof on the attorney for the plaintiff.

To this ruling counsel for the defendant excepts.